IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Fabian-Perez, | No. CV-26-01990-PHX-JJT (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc, 16, "R&R") entered in this matter by United States Magistrate Judge John Z. Boyle recommending that the Court grant in part the Petition for a Writ of Habeas Corpus (Doc. 1). In the R&R, Judge Boyle advised the parties that they "shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the court," and "failure to timely file objections to the [R&R] may result in the acceptance of the [R&R] by the District Court without further review." (R&R at 13.) More than 14 days have elapsed since entry of this Order on the docket, constituting service, and no party has filed any objection. The Court is therefore entitled under *United States v. Reyna-Tapia,* 328 F.3rd 1114, 1121 (9th Cir. 2003) to accept the R&R without further review. The Court nonetheless conducted an independent review of the R&R, the law and reasoning upon which it relies, and the cases cited and arguments raised in the parties' briefing.

Upon concluding that independent review, the Court finds Judge Boyle's reasoning and recommendations are sound and it will adopt them in whole. The question Petitioner

presents regarding the application of the standard of proof in an immigration bond determination hearing is in fact a reviewable mixed question of law and fact; therefore, this Court has jurisdiction over the issue. Exercising that jurisdiction to review, the Court concludes that the immigration judge abused his discretion, in controversion of *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011), when he found, based solely on the denial of Petitioner's cancellation of removal, that Petitioner was a significant flight risk. Judge Boyle correctly states that occurrence as a matter of law does not establish the Petitioner as a significant flight risk.

Judge Boyle also correctly reasons in clear detail why the appropriate relief in this case is not a direct order release, but rather, a remand to the immigration court for another bond hearing with instruction that the immigration judge place the burden on the government to prove Petitioner poses a danger or a flight risk, or both. Because Judge Boyle explains his reasoning on this issue so thoroughly the Court will not repeat it here.

**IT IS ORDERED** adopting in whole the R&R in this matter (Doc. 16).

**IT IS FURTHER ORDERED** granting in part the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Within seven days of entry of this Order, Respondents shall either release Petitioner on a bond of $3500 as determined by a previous immigration judge and with other appropriate conditions, or provide him with an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), at which hearing the government shall bear the burden of establishing that continued detention is justified by flight risk or danger to the community.

**IT IS FURTHER ORDERED** that the government shall file a status report with the Court regarding the bond hearing and whether Petitioner was released within **14 days** of the date of this Order.

. . .

. . .

. . .

- 2 -

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this matter.

Dated this 10th day of July, 2026.

_____
Honorable John J. Tuchi
United States District Judge